UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL J. MARONEY, as TRUSTEE OF PREMIERE REALTY TRUST and MARONEY CONSTRUCTION COMPANY, INC., <br>         Plaintiffs, <br><br>          v. <br><br> JAMES J. FIORENTINI, INDIVIDUALLY and in his capacity as MAYOR of the CITY OF HAVERHILL, ROBERT E. WARD, INDIVIDUALLY and in his capacity as DEPUTY DIRECTOR OF PUBLIC WORKS of the CITY OF HAVERHILL, WATER/WASTEWATER DIVISION, and THE CITY OF HAVERHILL, <br>         Defendants. | No. 16-CV-11575-DLC |

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND

CABELL, U.S.M.J.

Familiarity with the record is presumed in light of the recitation of this case in a decision on a summary judgment motion (D. 85) issued this same day. As noted therein, this case arises from efforts by Michael J. Maroney to develop a subdivision of homes in the City of Haverhill ("the City"). Having been denied certain permits, he filed suit through his business entities against the City of Haverhill and two of its officials for

violations of 42 U.S.C. § 1983 ("section 1983") and Massachusetts state law.[1]

On January 3, 2020, the plaintiff filed a motion seeking leave to amend the operative amended complaint ("operative complaint") (D. 51) to add a single factual allegation and a section 1983 claim that the defendants Robert E. Ward, deputy director of the City's Department of Public Works, ("Ward") and James E. Fiorentini, the City's mayor, ("the Mayor") (collectively "the defendants") retaliated against him for exercising his First Amendment right to seek redress of grievances by filing a state court lawsuit.[2]  (D. 85).  The defendants oppose the motion based on futility and the plaintiff's delay.  (D. 88).  The plaintiff submits he did not delay because the motion "follows closely the Court's recent decision on [a] motion for judgment on the pleadings."  (D. 86, p. 2).  Further, various stays of the case and discovery coupled with the lack of prejudice warrant allowing the amendment, according to the plaintiff.  (D. 86).  For the following reasons, the motion

---

[1] Maroney filed suit as Trustee of Premiere Realty Trust, and in the name of his company, Maroney Construction Company, Inc.  For ease of reference, the court uses "Maroney" or "the plaintiff" in the singular form to refer to these entities.

[2] The plaintiff does not seek to add a First Amendment retaliation claim under the Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I.  (D. 85).  Rather, he seeks "to add a claim for relief under 42 U.S.C. § 1983," and the proposed second amended claim sets out the section 1983 claim in the newly-added Count V.  (D. 85, p. 1) (D. 85-1, ¶¶ 85-89).

2

for leave to amend is denied, in light of the lack of an adequate explanation for the extended delay.[3]

## I. BACKGROUND

Maroney filed this action on August 1, 2016. (D. 1). An initial scheduling order set August 1, 2017 as the deadline to amend the pleadings and September 1, 2017 as the deadline for fact discovery. (D. 23). Shortly thereafter, the defendants and the City moved for judgment on the pleadings. (D. 24). In December 2016, Maroney filed a timely motion for leave to amend, which the court allowed on September 29, 2017. (D. 27, 47). In the interim, the court stayed the case from February 3 to April 12, 2017 during the pendency of alternate dispute resolution proceedings.

On August 30, 2017, the parties filed a joint motion to stay discovery pending a decision on the motion for judgment on the pleadings. (D. 45). The court allowed the joint motion and stayed discovery the same day. (D. 47). On December 11, 2017, shortly after issuing an opinion on the motion for judgment on the pleadings (D. 52), the court lifted the stay and set a fact discovery deadline of December 11, 2017. (D. 53). In so doing, the court adopted the deadlines which the parties requested (D. 45) for fact discovery, experts, and summary judgment motions.

---

[3] Accordingly, the court does not reach the futility argument.

(D. 54). The parties did not request a new deadline for filing motions to amend. (D. 45).

On March 2, 2018, the court entered a second stay of discovery pending the outcome of a second motion for judgment on the pleadings. (D. 61). This stay remained in place until October 16, 2019.[4] (D. 83). At the request of the court (D. 78), the parties filed a joint status report setting out proposed deadlines for fact discovery and summary judgment motions (D. 82). In lifting the stay, the court adopted the parties' deadlines, which again did not include a new deadline for filing motions to amend. (D. 83).

As noted, Maroney filed the motion for leave to amend the operative complaint on January 3, 2020. (D. 85). As of that date, fact discovery was set to close on April 14, 2020, and a July 21, 2020 deadline was in place for summary judgment motions.[5] (D. 83). As of January 2020, the parties agree that discovery was only recently initiated. (D. 86, pp. 2, 6) (D. 88, p. 5). Previously, the parties engaged in substantial discovery in the state court lawsuit which, like this case, did not include a First Amendment retaliation claim. (D. 104-1, 104-6, 104-7, 104-8, 104-9).

---

[4] The court decided the second motion for judgment on the pleadings in mid-September 2019. (D. 77).

[5] Subsequent extensions resulted in a close of fact discovery on September 24, 2020, and a December 30, 2020 deadline for summary judgment motions. (D. 90, 92, 94).

4

The proposed second amended complaint (D 85-1) sets out all the same facts and the same claims in the operative complaint except that it adds the following:  (1) a paragraph alleging that "[i]n the fall of 2016, Ward opposed" Maroney's request to the "Planning Board to extend the bond securing construction of the water booster station," which resulted in the Planning Board for the City of Haverhill ("the Planning Board") denying the extension, "the bond being called," and Maroney's "subsequent loss of the Subdivision" (D. 85-1, ¶ 48);[6] and (2) Count V.  As noted, Count V alleges that the Mayor and Ward retaliated against Maroney for exercising his First Amendment right to seek redress of grievances. (D. 85-1, ¶ 86).  Like the operative complaint, the proposed second amended complaint recites the substance of the Mayor's August and September 2015 statements for Maroney to drop the state court lawsuit to obtain the permits.  (D. 51, ¶¶ 37-41) (D. 85-1, ¶¶ 37-41).  Maroney refused, and Ward, acting at the Mayor's direction, purportedly engaged in conduct to pressure Maroney to dismiss the lawsuit.  (D. 51, ¶¶ 33-36, 43, 89) (D. 85-1, ¶¶ 33-36, 43, 89).

---

[6] Maroney attended the September and October 2016 Planning Board meetings (D. 97-2, pp. 143-144) during which Ward opposed the extension (D. 104-24, 104-25). Maroney also attended the November 2016 meeting, although it is unclear if Ward also attended.  (D. 97-2, pp. 143-144).  Because Maroney attended all three fall 2016 meetings, he knew all of the facts no later than November 2016, i.e., prior to the August 1, 2017 deadline to file motions to amend.

5

## II.   THE PARTIES' ARGUMENTS

The defendants argue that Maroney knew the facts regarding Ward's opposition in the fall of 2016. They point out that Maroney did not seek to include the "new" factual allegation (D. 85-1, ¶ 48) and the First Amendment retaliation claim (D. 85-1, ¶¶ 85-89) in the first motion for leave to amend filed in December 2016. (D. 27). They also assert that the delay will prejudice them because of "the time and cost of defending against" the "new claim[] arising from the same set of circumstances" that existed "over three years ago." (D. 88, pp. 5-6).

The defendants additionally argue that the First Amendment retaliation claim is futile because it rests on the premise that the plaintiffs "should have been given more time to build the booster station." (D. 88, pp. 4-5). The defendants submit this premise runs contrary to the already-determined fact in the court's September 2019 opinion "that Plaintiffs were required to build the water booster station after completing Phase I, which was earlier than November 2016." (D. 88, pp. 4-5) (D. 77, p. 12).

Maroney focuses on the absence of prejudice to the defendants. (D. 86). Relatedly, he maintains the proposed second amended complaint is based on the same conduct as the operative complaint and only adds one additional claim and one additional paragraph. He identifies the stays as a basis for the delay in moving to amend the operative complaint on January 3, 2020. He further points out

6

that he filed the motion to amend "shortly after" the court's September 13, 2019 decision on the second motion for judgment on the pleadings. (D. 86). Lastly, Maroney reasons that because the deadline in the initial scheduling order for motions to amend (August 1, 2017) was one month before the fact discovery deadline (September 1, 2017), a March 14, 2020 deadline to amend is consistent with the fact discovery deadline at the time (April 14, 2020). (D. 86, pp. 4-5).

### III.  DISCUSSION

The more exacting good cause standard in Federal Rule of Civil Procedure 16(b)(4) ("Rule 16(b)") applies where, as here, a scheduling order includes a deadline to amend the pleadings. *See U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 194 (1st Cir. 2015). It is also well settled that the good cause standard "'focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent.'" *Somascan, Inc. v. Philips Medical Systems Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013) (citation omitted); *see O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004) (stating "'[i]ndifference' by" movant "'seal[s] off this avenue of relief' irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause") (citation omitted). Whereas "[p]rejudice to the opposing party remains relevant," it "is not the dominant criterion." *O'Connell*,

7

357 F.3d at 155. "Regardless of the context, the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). Furthermore, even if the proposed First Amendment retaliation claim in Count V has merit, a denial of the motion to amend based on delay remains appropriate. *See Kader v. Sarepta Therapeutics, Inc.*, 887 F.3d 48, 60 (1st Cir. 2018) ("assum[ing] (without deciding) that [proposed amended complaint] was *not* futile, but nonetheless affirm[ing] the district court's denial of leave to amend on undue delay grounds") (emphasis added).

Here, Maroney could have included the new factual allegation and the First Amendment section 1983 claim in a motion for leave to amend filed prior to the August 1, 2017 deadline or, as the defendants posit, in the earlier motion for leave to amend that Maroney filed in December 2016.[7] At that juncture, Maroney knew *all* of the relevant facts. *See Miceli v. JetBlue Airways Corp.*, 914 F.3d 73, 86 (1st Cir. 2019) (noting court not "expected to look kindly upon a plaintiff who seeks belatedly to amend [his] complaint based on 'information that [he] had or should have had

---

[7] *See supra* note 6.

from the outset of the case.'"). Indeed, the operative complaint recounts the Mayor's purportedly retaliatory statements as well as Ward's actions carrying out the retaliation. (D. 51).

As a justification for waiting two-and-a-half years after the August 1, 2017 deadline to seek the amendment, Maroney points to the stay of the case (February 3 to April 12, 2017) and the lengthier stays of discovery (August 30 to December 11, 2017, and March 2, 2018 to October 16, 2019). To be sure, the stay of the case prevented Maroney from moving to amend the operative complaint, but that stay lasted only nine weeks. Moreover, the stays of discovery did not prevent Maroney from filing a motion to amend. There was also nothing to prevent Maroney from asking to extend the August 1, 2017 amendment deadline when the parties requested the court to adopt revised deadlines for fact discovery, experts, and summary judgment motions on August 30, 2017. *See Shea v. Millett*, Civil Action No. 17-cv-12233-ADB, 2020 WL 6586368, at *12 (D. Mass. Oct. 26, 2020) (denying "eleventh-hour request to file a second amended complaint" and noting plaintiff "could have requested" extension to scheduling order's deadline for amendments, which he failed to do, and "good cause" focuses on moving party's diligence). Likewise, nothing prevented Maroney from proposing a new deadline for motions to amend in the October 2019 joint statement. (D. 82).

9

In short, without a justifiable excuse for the substantial delay in excess of two years after the scheduling deadline, Maroney's lack of diligence and extended delay in seeking to amend the operative complaint is self-evident. *See Brown v. Bank of Am.*, Civil Action No. 13-13256-PBS, 2015 WL 13685108, at *3 (D. Mass. July 14, 2015) (finding no good cause because plaintiff "failed to explain why he was unable to comply with the [amendment] deadline" or "show what evidence, if any, remained unavailable"); *see, e.g., Miceli*, 914 F.3d at 86-87 (affirming denial of Rule 16(b) motion given "substantial delay" of filing motion one year after lawsuit commenced and five months after scheduling deadline without new evidence to justify delay); *O'Connell*, 357 F.3d at 155 (affirming district court's Rule 16(b) denial because waiting "over a year after the transfer and five months after the scheduling order deadline to act" was "[s]uch a long and unexplained delay," which "vindicate[d] the district court's conclusion that plaintiffs were not diligently pursuing this litigation"); *see also Pérez v. Hospital Damas, Inc.*, 769 F.3d 800, 802 (1st Cir. 2014) (stating "'undue delay in moving to amend, even standing alone, may be an adequate reason' to deny" motion to amend under Fed. R. Civ. P. 15(a)(2) and finding plaintiff failed to explain 16-month delay after bankruptcy disclosed ties to proposed new defendant).

Further, even assuming that prejudice to the defendants is absent, prejudice is not the dominant criterion. Thus, having considered and balanced the absence of prejudice, the plaintiff's undue delay and lack of diligence without a justifiable excuse overrides the absence of prejudice.

Next, Maroney's contention that a March 2020 deadline one month prior to the April 2020 close of fact discovery is consistent with the original schedule is not convincing. The plain language of the scheduling order set August 1, 2017 as the deadline for amendments, and the subsequent extensions of fact discovery and dispositive motions made no mention of amendments to the pleadings. *See Teva Pharm. Int'l GmbH v. Eli Lilly and Co.*, Civil Action No. 18-cv-12029-ADB, 2022 WL 104911, at *7 (D. Mass. Jan. 11, 2022) (Scheduling order set March 22, 2021 deadline for amendments, and, because "amended scheduling orders extending the discovery deadlines made no reference to a new deadline for amended pleadings, all amendments to pleadings should have been filed by March 22, 2021.").

In sum, the court finds the plaintiff has not made a showing of good cause to amend the operative complaint.

## IV. CONCLUSION

In accordance with the foregoing discussion, the motion for leave to amend (D. 85) is **DENIED**.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  May 18, 2023